IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

JONATHAN LEE,

    Plaintiff,

vs.

TRIPPE MANUFACTURING CO.,

    Defendant.

Case No. 20 CV 2505

## COMPLAINT

NOW COMES the Plaintiff, Jonathan Lee, by and through his attorneys, McDonald & Kloth, LLC, and as and for his cause of action against the Defendant, Trippe Manufacturing Company d/b/a Tripp Lite, an Illinois Corporation, alleges as follows:

### NATURE OF ACTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Illinois Minimum Wage Law ("IMWL"), 850 ILCS 105, Illinois Wage Payment Collection Act ("IWPCA"), 820 ILCS 115, Illinois Whistleblower Act ("IWA"), 740 ILCS 174, retaliatory discharge, and breach of contract. Plaintiff seeks reinstatement, lost wages, employment benefits, out-of-pocket expenses, punitive damages, compensatory damages, costs, attorney's fees, and any other such relief the Court may deem appropriate.

### PARTIES

2. Jonathan Lee (hereinafter "Lee" or "Plaintiff") is an adult resident of the State of Illinois with a residence located at 739 West Belmont Ave., #316, Chicago, Illinois 60657.

3. Trippe Manufacturing Company d/b/a Tripp Lite (hereinafter "Tripp Lite" or "Defendant") is an Illinois corporation with a principal place of business located at 1111 W. 35th Street, Chicago, Illinois 60609. The registered agent for service of process for Defendant is Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. § 201 *et seq*.

5. This court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all other claims arise in and are so related that they form part of the same case or controversy as the aforementioned claims.

6. The Northern District of Illinois has personal jurisdiction over Defendant because Defendant's principal place of business is located within the District, Defendant performs substantial business within the District, and is subject to jurisdiction within the District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (d) because Defendant is a corporation subject to personal jurisdiction within the District at the time this action is being commenced.

## FACTUAL ALLEGATIONS

8. Tripp Lite is headquartered in Chicago, IL and is in the business of manufacturing products involved in delivering power and connection to computers and networking equipment and other devices.

9. Tripp Lite hired Lee on or about May 14, 2019 in the capacity of an Inside Channel Account Representative ("ICAR"). Attached hereto and labeled as Exhibit A is a true and correct copy of the offer letter and agreement between Tripp Lite and Lee (hereinafter, the "Agreement").

10. The Agreement obligated Tripp Lite to compensate Lee with $50,000 base pay, annual incentive compensation of $12,500 paid on a "monthly basis," a commission guarantee of $520 for the first three months of employment. The Agreement also included group benefits and three weeks paid time off per year.

11. Lee performed his job extremely well and consistently met and exceeded his key performance indicators including, but not limited to, outbound calls, talk time, and quotes generated.

12. Lee observed that Tripp Lite had not been compensating him accurately for the commissions he earned on sales.

13. Lee also observed that he had been working in excess of forty (40) hours per week and not being compensated at the rate of time-and-one-half for all hours in excess of 40 per week.

14. Lee estimates that he worked 12.5 hours of overtime per week throughout his employment.

15. Lee estimates that he worked a total of 500 hours of overtime throughout his employment with Tripp Lite.

16. In December, 2019, Lee reported to Tripp Lite Director Jacob Bryant ("Bryant") that Tripp Lite had erroneously included over Two Hundred Thousand Dollars in his target goal which resulted in an error in his commission compensation.

17. In January, 2020, Lee reported to Bryant and Tripp Lite Director Steve Loeb ("Loeb") that Tripp Lite had included bad debt in his target goal which resulted in an error in his commission compensation.

18. In early February, 2020, Lee complained to Loeb and Bryant about Tripp Lite's failure to make commission payments within the time stated in the Agreement and by operation of

law. Lee specifically referenced the time requirements placed on employers for making commission payments under IWPCA and the Illinois Sales Representatives Act ("ISRA").

19. On February 14, 2020, Bryan sent an email to the Tripp Lite sales representatives apologizing for having not made the commission payments within the required time.

20. Around this same time, Lee observed that Bryant and Loeb began treating him differently than similarly situated employees. Lee observed that Bryant and Loeb had begun assigning him work tasks that were not included in his job description and that other ICARs were not assigned.

21. On February 11, 2020, Lee met with Michelle Messina ("Messina"), a Tripp Lite human resources representative, and complained about Tripp Lite failing to pay overtime under the FLSA, failing to make timely commission payments under the ISRA and IWPCA, and violating the Agreement.

22. On February 13, 2020, Lee met with Messina, Loeb, and Bryant to discuss, among other things, Tripp Lite's refusal to pay him overtime pay, Tripp Lite's failure to make timely commission payments, and the erroneous calculation of his target goal which resulted in an erroneous calculation of his commission pay.

23. During the February 13, 2020 meeting, Loeb stated all commissioned representatives were exempt from overtime regardless of their pay and that he would not change the classification of their exempt status. Loeb further apologized for not making commission payments in a timely manner.

24. On February 17, 2020, Lee sent an email to Loeb and Bryant addressing the inappropriate assignment of additional tasks, complaining of disparate treatment, complaining of Tripp Lite's failure to make commission payments in a timely manner, complaining of Tripp Lite's

failure to comply with federal and state laws regarding wage payments, and complaining of Tripp Lite's intentional misclassification of him and other ICARs as "exempt" from overtime laws. A true and correct copy of this email is attached hereto and labeled as Exhibit B.

25. On February 17, 2020, Lee met with Amy Grubisic ("Grubisic"), a Tripp Lite human resources representative, and Messina to discuss his overtime complaint and complaints related to his commission pay.

26. The following day, February 18, 2020, Bryant issued additional work tasks for Lee to perform. On information and belief, similarly situated employees were not issued the same or similar work tasks.

27. On February 20, 2020, Lee sent an email to Grubisic and Messina in Tripp Lite's human resources department requesting a response to his complaints of Tripp Lite failing to pay overtime under the FLSA, failing to make timely commission payments under the ISRA and IWPCA, and violating the Agreement. A true and correct copy of this email is attached hereto and labeled as Exhibit C.

28. On February 20, 2020, Grubisic replied to Lee's email indicating that she would "set a time for Monday where [they] can meet" to "address all of the issues" raised in the meeting and in his email.

29. On Friday, February 21, 2020, Bryant asked Lee to sign a counseling report alleging that Lee had been unprofessional in the workplace. Lee refused to sign the report because the report included false information. Bryant instructed Lee to take the rest of the day off and return to work on Monday, February 24, 2020.

30. Lee asked Bryant if his employment had been terminated and Bryant assured Lee that his employment had not been terminated; that it was a counseling only; and that he would resume working as normal on Monday.

31. Lee returned to work on Monday morning, February 24, 2020, and was immediately summoned to a meeting wherein Messina terminated his employment with Tripp Lite, effective immediately.

## LEGAL CLAIMS

## COUNT I

**FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA**

32. Lee incorporates 1 through 31 as if fully set forth herein.

33. The Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

34. The Defendant is engaged in interstate commerce and generates in excess of $500,000.00 in revenue annually.

35. Lee was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

36. Lee was a non-exempt employee under 29 U.S.C. § 213(a) since he did not meet the criteria for any exemption under the FLSA.

37. The FLSA requires each covered employer to compensate all non-exempt employees at the rate of time-and-one-half for all hours worked in excess of forty (40) hours per week.

38. During the applicable statute of limitations, Lee performed work in excess of forty hours per week.

39. During the applicable statute of limitations, Lee performed work in excess of forty (40) hours per week without receiving overtime compensation.

40. These practices violate the FLSA including, but not limited to, 29 U.S.C. § 206 and 207, and have caused Lee to suffer wage loss.

41. Defendant knew or showed reckless disregard for the fact that it failed to pay Lee overtime compensation in violation of the FLSA.

## COUNT II

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF ILLINOIS MINIMUM WAGE LAW

42. Lee incorporates paragraphs 1 through 31 as if fully set forth herein.

43. The IMWL requires companies to compensate non-exempt employees at the rate of time-and-one-half for all hours worked in excess of 40 hours per work week.

44. Lee worked in excess of 40 hours per week at various times throughout his employment with Tripp Lite.

45. Lee estimates that he worked a total of 500 hours of overtime throughout his employment with Tripp Lite.

46. Tripp Lite has not compensated Lee at the rate of time-and-one-half for the overtime hours.

47. Tripp Lite was required to compensate Lee at the rate of $36.06 per hour for all hours worked in excess of 40 hours per week.

48. Tripp Lite has violated the IMWL by not compensating Lee appropriately for the hours of overtime he worked.

49. Tripp Lite is liable to Lee for payment of the overtime hours he worked.

50. Lee calculates the total amount due for unpaid overtime as $18,030.00.

51. Lee demands liquidated damages in the amount of $18,030.00.

52. Lee demands payment for attorney's fees and costs associated with having to bring this action to enforce his rights under the IMWL.

## COUNT III

### FAILURE TO PAY WAGES IN VIOLATION OF
### ILLINOIS WAGE PAYMENT AND COLLECTION ACT

53. Lee incorporates paragraphs 1 through 31 as if fully set forth herein.

54. The Agreement between Lee and Tripp Lite required Tripp Lite to provide Lee with incentive compensation in the amount of $1,041.67 per month so long as Lee met his target goal.

55. Lee met his target goal.

56. Tripp Lite did not compensate Lee at the rate of $1,041.67 every month as incentive pay.

57. Tripp Lite has breached its contract with Lee by failing and refusing to provide Lee with the agreed upon incentive pay throughout his employment.

58. Lee seeks payment of $10,836.73 in unpaid commission pay.

59. Lee seeks damages of 2% of the unpaid commission for each month the commission payment is not made.

60. Lee seeks payment of attorney's fees and costs associated with having to bring this action to enforce his rights under the IWPCA.

## COUNT IV

### RETALIATION IN VIOLATION OF THE FLSA

61. Lee incorporates paragraphs 1 through 31 as if fully set forth herein.

62. It is unlawful for an employer to discharge an employee because he has enforced his rights under the FLSA by lodging a complaint with his supervisor and/or the company's management team for the non-payment of wages owed.

63. Lee clearly and unmistakably complained to Tripp Lite that it violated the FLSA by not providing him with appropriate overtime pay.

64. Tripp Lite terminated Lee's employment because he enforced his rights under the FLSA concerning payment of overtime compensation.

65. Tripp Lite violated the FLSA's anti-retaliation provision by terminating Lee's employment for enforcing his rights under the FLSA concerning payment of overtime compensation.

66. Tripp Lite is liable to Lee for reinstatement, lost pay, lost benefits, out of pocket expenses, liquidated damages, and attorney's fees and costs.

## COUNT V

### RETALIATION IN VIOLATION OF THE
### ILLINOIS WAGE PAYMENT AND COLLECTION ACT

67. Lee incorporates paragraphs 1 through 31 as if fully set forth herein.

68. Lee clearly and unmistakably complained to Tripp Lite that it violated the law by not providing him with appropriate overtime pay.

69. Lee clearly and unmistakably complained to Tripp Lite that it violated the law by not providing him with incentive pay as required by the Agreement.

70. Lee clearly and unmistakably complained to Tripp Lite that it violated the law by not providing commission payments in a timely manner.

71. Lee clearly and unmistakably advised Tripp Lite that he would enforce his rights under the IMWL, IWPCA, FLSA, and ISRA.

72. Tripp Lite terminated Lee's employment because he enforced his rights concerning payment of wages.

73. Tripp Lite violated the IWPCA's anti-retaliation provision by terminating Lee's employment for enforcing his rights concerning payment of wages.

74. Tripp Lite is liable to Lee for reinstatement, lost pay, lost benefits, out of pocket expenses, and attorney's fees and costs.

## COUNT VI

## BREACH OF CONTRACT

75. Lee incorporates paragraphs 1 through 31 as if fully set forth herein.

76. The Agreement is a contract between Tripp Lite and Lee regarding the payment of wages.

77. The Agreement required to pay Lee incentive pay in accordance with its terms.

78. Lee satisfied his obligations under the Agreement.

79. Tripp Lite has failed and refused to provide Lee with incentive compensation in accordance with the terms of the Agreement.

80. Tripp Lite is liable to Lee in the amount of $10,836.73 in unpaid incentive pay.

## COUNT VII

## VIOLATION OF ILLINOIS WHISTLEBLOWER ACT

81. Lee incorporates paragraphs 1 through 31 as if fully set forth herein.

82. It is the public policy of the State of Illinois that companies pay their employees in accordance with agreements made by and between the parties as well as in accordance with the mandates included in the IMWA.

83. It is the public policy of the State of Illinois that companies pay their employees in a timely manner as required by the IWPCA.

84. It is a matter of public concern when Illinois companies fail and refuse to pay their employees as required by the IMWA and IWPCA.

85. Lee spoke out on his behalf as well as on behalf of similarly situated employees who have not been paid overtime pay and incentive compensation by Tripp Lite in violation of the IMWA and IWPCA.

86. Lee spoke out on his behalf as well as on behalf of similarly situated employees who have not been paid in a timely manner by Tripp Lite in violation of the IWPCA.

87. Lee complained of public wrongdoing when he spoke out on behalf of himself and similarly situated employees regarding Tripp Lite's continued violations of the IMWA and IWPCA.

88. Tripp Lite terminated Lee's employment because he spoke out on behalf of himself and similarly situated employees regarding Tripp Lite's continued violations of the IMWA and IWPCA.

89. Tripp Lite violated the IWA when it terminated Lee's employment for speaking out on behalf of himself and similarly situated employees regarding Tripp Lite's continued violations of the IMWA and IWPCA.

90. Tripp Lite is liable to Lee for reinstatement, lost pay, lost benefits, out of pocket expenses, compensatory damages, punitive damages, and attorney's fees and costs.

## COUNT VIII

### RETALIATORY DISCHARGE

91. Lee incorporates paragraphs 1 through 31 as if fully set forth herein.

92. It is the public policy of the State of Illinois that companies pay their employees in accordance with agreements made by and between the parties as well as in accordance with the mandates included in the IMWA.

93. It is the public policy of the State of Illinois that companies pay their employees in a timely manner as required by the IWPCA.

94. Lee has identified well-defined public policies in the State of Illinois as codified by the IMWA and IWPCA.

95. Lee complained to Tripp Lite about its continued violations of the IMWA and IWPCA and demanded that it comply with the law.

96. Tripp Lite terminated Lee's employment because he spoke out on behalf of himself and similarly situated employees regarding Tripp Lite's continued violations of the IMWA and IWPCA.

97. Tripp Lite engaged in retaliatory discharge when it terminated Lee's employment for speaking out on behalf of himself and similarly situated employees regarding Tripp Lite's continued violations of the IMWA and IWPCA.

98. Tripp Lite is liable to Lee for reinstatement, lost pay, lost benefits, out of pocket expenses, compensatory damages, punitive damages, and attorney's fees and costs.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff, Jonathan Lee, and against the Defendant, Trippe Manufacturing Company d/b/a Tripp Lite, for all damages, costs, fees, and equitable remedies alleged herein.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Dated this 23rd day of April, 2020.

                                              **MCDONALD & KLOTH, LLC**
                                              Attorneys for Jonathan Lee

                                By:   s/Shannon D. McDonald
                                            Shannon D. McDonald
                                            ARDC No. 6281559

MCDONALD & KLOTH, LLC
20 N. Clark Street, Suite 3300
Chicago, IL 60602
Direct: (414) 403-2161
Office: (312) 626-1881
Fax:    (312) 648-6202