**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JONATHAN LEE,

      Plaintiff,

   v.

TRIPPE MANUFACTURING CO.,

      Defendant.

Case No. 20-cv-2505

Hon. Harry D. Leinenweber

## <u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant Trippe Manufacturing Co. ("Defendant") hereby answers and asserts its affirmative defenses in response to the Complaint filed by Plaintiff Jonathan Lee ("Plaintiff"), as follows:

### <u>NATURE OF ACTION</u>

1.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., Illinois Minimum Wage Law ("IMWL"), 850 ILCS 105, Illinois Wage Payment Collection Act ("IWPCA"), 820 ILCS 115, Illinois Whistleblower Act ("IWA"), 740 ILCS 174, retaliatory discharge, and breach of contract. Plaintiff seeks reinstatement, lost wages, employment benefits, out-of-pocket expenses, punitive damages, compensatory damages, costs, attorney's fees, and any other such relief the Court may deem appropriate.

**ANSWER:**    Defendant admits that Plaintiff has asserted claims under the identified statutes and common law theories and Plaintiff seeks the identified forms of relief, but denies that any of Plaintiff's claims have merit or that Plaintiff is entitled to any relief. Defendant denies any remaining allegations in this paragraph.

### <u>PARTIES</u>

2.    Jonathan Lee (hereinafter "Lee" or "Plaintiff") is an adult resident of the State of Illinois with a residence located at 739 West Belmont Ave., #316, Chicago, Illinois 60657.

**ANSWER:**    On information and belief, Defendant admits the allegations in this paragraph.

3.     Trippe Manufacturing Company d/b/a Tripp Lite (hereinafter "Tripp Lite" or "Defendant") is an Illinois corporation with a principal place of business located at 1111 W. 35th Street, Chicago, Illinois 60609.  The registered agent for service of process for Defendant is Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703.

**ANSWER:**     Defendant admits the allegations in this paragraph.

## JURISDICTION AND VENUE

4.     This court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. § 201 et seq.

**ANSWER:**     Defendant admits that this Court has federal question jurisdiction over Plaintiff's FLSA claims.

5.     This court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all other claims arise in and are so related that they form part of the same case or controversy as the aforementioned claims.

**ANSWER:**     Defendant admits that this Court has supplemental jurisdiction over Plaintiff's state law claims.

6.     The Northern District of Illinois has personal jurisdiction over Defendant because Defendant's principal place of business is located within the District, Defendant performs substantial business within the District, and is subject to jurisdiction within the District.

**ANSWER:**     Defendant admits that this Court has personal jurisdiction over Defendant.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (d) because Defendant is a corporation subject to personal jurisdiction within the District at the time this action is being commenced.

**ANSWER:**     Defendant admits that venue is proper in this Court.

## FACTUAL ALLEGATIONS

8.     Tripp Lite is headquartered in Chicago, IL and is in the business of manufacturing products involved in delivering power and connection to computers and networking equipment and other devices.

**ANSWER:**    Defendant admits the allegations in this paragraph.

9.    Tripp Lite hired Lee on or about May 14, 2019 in the capacity of an Inside Channel Account Representative ("ICAR").  Attached hereto and labeled as Exhibit A is a true and correct copy of the offer letter and agreement between Tripp Lite and Lee (hereinafter, the "Agreement").

**ANSWER:**    Defendant admits that in May 2019 it hired Plaintiff into the position of Inside Channel Account Representative, and Exhibit A is a true and correct copy of Plaintiff's offer letter. Defendant denies the remaining allegations in this paragraph.

10.    The Agreement obligated Tripp Lite to compensate Lee with $50,000 base pay, annual incentive compensation of $12,500 paid on a "monthly basis," a commission guarantee of $520 for the first three months of employment.  The Agreement also included group benefits and three weeks paid time off per year.

**ANSWER:**    Defendant admits that pursuant to Plaintiff's offer letter dated May 13, 2019, Plaintiff earned a base salary of $50,000 per year, Plaintiff had target incentive compensation of $12,500 per year based on 10% growth, the incentive compensation that Plaintiff earned was to be paid on a monthly basis, Plaintiff was provided a commission guarantee of $520 for his first 3 months of employment, and Plaintiff was eligible for group benefits and three weeks of paid time of per year.  Defendant denies the remaining allegations in this paragraph.

11.    Lee performed his job extremely well and consistently met and exceeded his key performance indicators including, but not limited to, outbound calls, talk time, and quotes generated.

**ANSWER:**    Defendant denies the allegations in this paragraph.

12.    Lee observed that Tripp Lite had not been compensating him accurately for the commissions he earned on sales.

**ANSWER:**    Defendant denies the allegations in this paragraph.

13. Lee also observed that he had been working in excess of forty (40) hours per week and not being compensated at the rate of time-and-one-half for all hours in excess of 40 per week.

**ANSWER:** Defendant denies the allegations in this paragraph.

14. Lee estimates that he worked 12.5 hours of overtime per week throughout his employment.

**ANSWER:** Defendant denies the allegations in this paragraph.

15. Lee estimates that he worked a total of 500 hours of overtime throughout his employment with Tripp Lite.

**ANSWER:** Defendant denies the allegations in this paragraph.

16. In December, 2019, Lee reported to Tripp Lite Director Jacob Bryant ("Bryant") that Tripp Lite had erroneously included over Two Hundred Thousand Dollars in his target goal which resulted in an error in his commission compensation.

**ANSWER:** Defendant admits that in or around December 2019, Plaintiff complained to Bryant about Defendant's purported failure to pay him commission compensation. Defendant denies the remaining allegations in this paragraph.

17. In January, 2020, Lee reported to Bryant and Tripp Lite Director Steve Loeb ("Loeb") that Tripp Lite had included bad debt in his target goal which resulted in an error in his commission compensation.

**ANSWER:** Defendant admits that in or around January 2020, Plaintiff complained to Bryant and Loeb about Defendant's purported failure to pay him commission compensation. Defendant denies the remaining allegations in this paragraph.

18. In early February, 2020, Lee complained to Loeb and Bryant about Tripp Lite's failure to make commission payments within the time stated in the Agreement and by operation of law. Lee specifically referenced the time requirements placed on employers for making commission payments under IWPCA and the Illinois Sales Representatives Act ("ISRA").

**ANSWER:** Defendant admits that in or around February 2020, Plaintiff complained to Loeb and Bryant about Defendant's purported failure to pay his wages in compliance with the IWPCA, ISRA and/or his offer letter. Defendant denies the remaining allegations in this paragraph.

19. On February 14, 2020, Bryan [sic] sent an email to the Tripp Lite sales representatives apologizing for having not made the commission payments within the required time.

**ANSWER:** Defendant admits that on February 14, 2020, Bryant sent an email to sales representatives regarding the timing of commission payments, but denies the remaining allegations in this paragraph.

20. Around this same time, Lee observed that Bryant and Loeb began treating him differently than similarly situated employees. Lee observed that Bryant and Loeb had begun assigning him work tasks that were not included in his job description and that other ICARs were not assigned.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff "observed" at any point in time, and accordingly denies the allegations in this paragraph.

21. On February 11, 2020, Lee met with Michelle Messina ("Messina"), a Tripp Lite human resources representative, and complained about Tripp Lite failing to pay overtime under the FLSA, failing to make timely commission payments under the ISRA and IWPCA, and violating the Agreement.

**ANSWER:** Defendant admits that on or about February 11, 2020, Plaintiff met with Messina to discuss various issues relating to Plaintiff's complaints about his compensation. Defendant denies the remaining allegations in this paragraph.

22. On February 13, 2020, Lee met with Messina, Loeb, and Bryant to discuss, among other things, Tripp Lite's refusal to pay him overtime pay, Tripp Lite's failure to make timely commission payments, and the erroneous calculation of his target goal which resulted in an erroneous calculation of his commission pay.

**ANSWER:**     Defendant admits that on or about February 14, 2020, Plaintiff met with Messina, Loeb and Bryant to discuss various issues relating to Plaintiff's complaints about his compensation.  Defendant denies the remaining allegations in this paragraph.

23.     During the February 13, 2020 meeting, Loeb stated all commissioned representatives were exempt from overtime regardless of their pay and that he would not change the classification of their exempt status.  Loeb further apologized for not making commission payments in a timely manner.

**ANSWER:**     Defendant denies the allegations in this paragraph.

24.     On February 17, 2020, Lee sent an email to Loeb and Bryant addressing the inappropriate assignment of additional tasks, complaining of disparate treatment, complaining of Tripp Lite's failure to make commission payments in a timely manner, complaining of Tripp Lite's failure to comply with federal and state laws regarding wage payments, and complaining of Tripp Lite's intentional misclassification of him and other ICARs as "exempt" from overtime laws.  A true and correct copy of this email is attached hereto and labeled as Exhibit B.

**ANSWER:**     Defendant admits that on February 17, 2020, Plaintiff sent an email to Loeb and Bryant (among others), and Exhibit B is a true and accurate copy of Plaintiff's February 17, 2020 email.  Defendant denies the remaining allegations in this paragraph.

25.     On February 17, 2020, Lee met with Amy Grubisic ("Grubisic"), a Tripp Lite human resources representative, and Messina to discuss his overtime complaint and complaints related to his commission pay.

**ANSWER:**     Defendant admits that on or about February 17, 2020, Plaintiff met with Grubisic and Messina to discuss various issues relating to Plaintiff's complaints about his compensation.  Defendant denies the remaining allegations in this paragraph.

26.     The following day, February 18, 2020, Bryant issued additional work tasks for Lee to perform.  On information and belief, similarly situated employees were not issued the same or similar work tasks.

**ANSWER:** Defendant admits that at various points in or around February 2020, Bryant instructed Plaintiff to complete certain work tasks. Defendant denies the remaining allegations in this paragraph.

27. On February 20, 2020, Lee sent an email to Grubisic and Messina in Tripp Lite's human resources department requesting a response to his complaints of Tripp Lite failing to pay overtime under the FLSA, failing to make timely commission payments under the ISRA and IWPCA, and violating the Agreement. A true and correct copy of this email is attached hereto and labeled as Exhibit C.

**ANSWER:** Defendant admits that on February 20, 2020, Plaintiff sent an email to Grubisic and Messina, and Exhibit C is a true and accurate copy of Plaintiff's February 20, 2020 email. Defendant denies the remaining allegations in this paragraph.

28. On February 20, 2020, Grubisic replied to Lee's email indicating that she would "set a time for Monday where [they] can meet" to "address all of the issues" raised in the meeting and in his email.

**ANSWER:** Defendant admits the allegations in this paragraph.

29. On Friday, February 21, 2020, Bryant asked Lee to sign a counseling report alleging that Lee had been unprofessional in the workplace. Lee refused to sign the report because the report included false information. Bryant instructed Lee to take the rest of the day off and return to work on Monday, February 24, 2020.

**ANSWER:** Defendant admits that on February 21, 2020, Bryant issued Plaintiff an Employee Warning Report ("Report") and asked Plaintiff to sign the Report, Plaintiff signed the Report, Plaintiff then tore up the Report and dropped the pieces on Bryant's desk, and as a result Bryant instructed Plaintiff to take the rest of the day off and return to work on February 24, 2020. Defendant denies the remaining allegations in this paragraph.

30. Lee asked Bryant if his employment had been terminated and Bryant assured Lee that his employment had not been terminated; that it was a counseling only; and that he would resume working as normal on Monday.

**ANSWER:** Defendant denies the allegations in this paragraph.

31.     Lee returned to work on Monday morning, February 24, 2020, and was immediately summoned to a meeting wherein Messina terminated his employment with Tripp Lite, effective immediately.

**ANSWER:** Defendant admits that Plaintiff reported to work on February 24, 2020, and that his employment was terminated that same day.  Defendant denies the remaining allegations in this paragraph.

## LEGAL CLAIMS

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA

32.     Lee incorporates 1 through 31 as if fully set forth herein.

**ANSWER:** Defendant incorporates its answers to paragraphs 1 through 31 as if fully set forth herein.

33.     The Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

**ANSWER:** Defendant admits the allegations in this paragraph.

34.     The Defendant is engaged in interstate commerce and generates in excess of $500,000.00 in revenue annually.

**ANSWER:** Defendant admits the allegations in this paragraph.

35.     Lee was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

**ANSWER:** Defendant admits the allegations in this paragraph.

36.     Lee was a non-exempt employee under 29 U.S.C. § 213(a) since he did not meet the criteria for any exemption under the FLSA.

**ANSWER:**   Defendant denies the allegations in this paragraph.

37.   The FLSA requires each covered employer to compensate all non-exempt employees at the rate of time-and-one-half for all hours worked in excess of forty (40) hours per week.

**ANSWER:**   Defendant admits the allegations in this paragraph.

38.   During the applicable statute of limitations, Lee performed work in excess of forty hours per week.

**ANSWER:**   Defendant denies the allegations in this paragraph.

39.   During the applicable statute of limitations, Lee performed work in excess of forty (40) hours per week without receiving overtime compensation.

**ANSWER:**   Defendant denies the allegations in this paragraph.

40.   These practices violate the FLSA including, but not limited to, 29 U.S.C. § 206 and 207, and have caused Lee to suffer wage loss.

**ANSWER:**   Defendant denies the allegations in this paragraph.

41.   Defendant knew or showed reckless disregard for the fact that it failed to pay Lee overtime compensation in violation of the FLSA.

**ANSWER:**   Defendant denies the allegations in this paragraph.

## <u>COUNT II</u>

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF ILLINOIS MINIMUM WAGE LAW

42.   Lee incorporates paragraphs 1 through 31 as if fully set forth herein.

**ANSWER:**   Defendant incorporates its answers to paragraphs 1 through 31 as if fully set forth herein.

43.     The IMWL requires companies to compensate non-exempt employees at the rate of time-and-one-half for all hours worked in excess of 40 hours per work week.

**ANSWER:**     Defendant admits that the IMWL requires covered employers to compensate non-exempt employees at the rate of time-and-one-half for all hours worked in excess of 40 hours per work week.  Defendant denies the remaining allegations in this paragraph.

44.     Lee worked in excess of 40 hours per week at various times throughout his employment with Tripp Lite.

**ANSWER:**     Defendant denies the allegations in this paragraph.

45.     Lee estimates that he worked a total of 500 hours of overtime throughout his employment with Tripp Lite.

**ANSWER:**     Defendant denies the allegations in this paragraph.

46.     Tripp Lite has not compensated Lee at the rate of time-and-one-half for the overtime hours.

**ANSWER:**     Defendant denies the allegations in this paragraph.

47.     Tripp Lite was required to compensate Lee at the rate of $36.06 per hour for all hours worked in excess of 40 hours per week.

**ANSWER:**     Defendant denies the allegations in this paragraph.

48.     Tripp Lite has violated the IMWL by not compensating Lee appropriately for the hours of overtime he worked.

**ANSWER:**     Defendant denies the allegations in this paragraph.

49.     Tripp Lite is liable to Lee for payment of the overtime hours he worked.

**ANSWER:**     Defendant denies the allegations in this paragraph.

50.     Lee calculates the total amount due for unpaid overtime as $18,030.00.

**ANSWER:**     Defendant denies the allegations in this paragraph.


51.     Lee demands liquidated damages in the amount of $18,030.00.

**ANSWER:**     Defendant admits that Plaintiff has demanded liquidated damages, but denies that

Plaintiff is entitled to such damages or any other relief.


52.     Lee demands payment for attorney's fees and costs associated with having to bring
this action to enforce his rights under the IMWL.

**ANSWER:**     Defendant admits that Plaintiff has demanded attorney's fees and costs, but denies

that Plaintiff is entitled to such relief or any other relief


## COUNT III

### FAILURE TO PAY WAGES IN VIOLATION OF
### ILLINOIS WAGE PAYMENT AND COLLECTION ACT

53.     Lee incorporates paragraphs 1 through 31 as if fully set forth herein.

**ANSWER:**     Defendant incorporates its answers to paragraphs 1 through 31 as if fully set forth

herein.


54.     The Agreement between Lee and Tripp Lite required Tripp Lite to provide Lee with
incentive compensation in the amount of $1,041.67 per month so long as Lee met his target goal.

**ANSWER:**     Defendant denies the allegations in this paragraph.


55.     Lee met his target goal.

**ANSWER:**     Defendant denies the allegations in this paragraph.


56.     Tripp Lite did not compensate Lee at the rate of $1,041.67 every month as incentive
pay.

**ANSWER:** Defendant admits that it did not pay Plaintiff $1,041.67 per month in incentive pay, as Plaintiff failed to satisfy the eligibility criteria for such incentive pay.

57.     Tripp Lite has breached its contract with Lee by failing and refusing to provide Lee with the agreed upon incentive pay throughout his employment.

**ANSWER:** Defendant denies the allegations in this paragraph.

58.     Lee seeks payment of $10,836.73 in unpaid commission pay.

**ANSWER:** Defendant admits that Plaintiff seeks allegedly unpaid commission pay, but denies that Plaintiff is entitled to such pay or any other relief.

59.     Lee seeks damages of 2% of the unpaid commission for each month the commission payment is not made.

**ANSWER:** Defendant admits that Plaintiff seeks statutory interest, but denies that Plaintiff is entitled to such interest or any other relief.

60.     Lee seeks payment of attorney's fees and costs associated with having to bring this action to enforce his rights under the IWPCA.

**ANSWER:** Defendant admits that Plaintiff seeks payment of attorney's fees and costs, but denies that Plaintiff is entitled to such relief or any other relief.

## COUNT IV

### RETALIATION IN VIOLATION OF THE FLSA

61.     Lee incorporates paragraphs 1 through 31 as if fully set forth herein.

**ANSWER:** Defendant incorporates its answers to paragraphs 1 through 31 as if fully set forth herein.

62.     It is unlawful for an employer to discharge an employee because he has enforced his rights under the FLSA by lodging a complaint with his supervisor and/or the company's management team for the non-payment of wages owed.

**ANSWER:**   This paragraph states a legal conclusion to which no response is required. Notwithstanding, Defendant denies that Plaintiff has accurately described the anti-retaliation provisions of the FLSA.

63.     Lee clearly and unmistakably complained to Tripp Lite that it violated the FLSA by not providing him with appropriate overtime pay.

**ANSWER:**   Defendant admits that Plaintiff complained to certain employees of Defendant regarding Defendant's purported violations of the FLSA, but denies the remaining allegations in this paragraph.

64.     Tripp Lite terminated Lee's employment because he enforced his rights under the FLSA concerning payment of overtime compensation.

**ANSWER:**   Defendant denies the allegations in this paragraph.

65.     Tripp Lite violated the FLSA's anti-retaliation provision by terminating Lee's employment for enforcing his rights under the FLSA concerning payment of overtime compensation.

**ANSWER:**   Defendant denies the allegations in this paragraph.

66.     Tripp Lite is liable to Lee for reinstatement, lost pay, lost benefits, out of pocket expenses, liquidated damages, and attorney's fees and costs.

**ANSWER:**   Defendant denies the allegations in this paragraph, and denies that Plaintiff is entitled to any relief.

<u>**COUNT V**</u>

**RETALIATION IN VIOLATION OF THE
ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

67.     Lee incorporates paragraphs 1 through 31 as if fully set forth herein.

**ANSWER:**    Defendant incorporates its answers to paragraphs 1 through 31 as if fully set forth

herein.


68.     Lee clearly and unmistakably complained to Tripp Lite that it violated the law by
not providing him with appropriate overtime pay.

**ANSWER:**    Defendant admits that Plaintiff complained to certain employees of Defendant

regarding his purported entitlement to overtime pay, but denies the remaining allegations in this

paragraph.


69.     Lee clearly and unmistakably complained to Tripp Lite that it violated the law by
not providing him with incentive pay as required by the Agreement.

**ANSWER:**    Defendant admits that Plaintiff complained to certain employees of Defendant

regarding his purported entitlement to discretionary compensation, but denies the remaining

allegations in this paragraph.


70.     Lee clearly and unmistakably complained to Tripp Lite that it violated the law by
not providing commission payments in a timely manner.

**ANSWER:**    Defendant admits that Plaintiff complained to certain employees of Defendant

regarding his purported entitlement to commission payments, but denies the remaining allegations

in this paragraph


71.     Lee clearly and unmistakably advised Tripp Lite that he would enforce his rights
under the IMWL, IWPCA, FLSA, and ISRA.

**ANSWER:** Defendant admits that Plaintiff complained to certain employees of Defendant regarding Defendant's purported violations of the IMWL, IWPCA, FLSA and ISRA, but denies the remaining allegations in this paragraph

72.     Tripp Lite terminated Lee's employment because he enforced his rights concerning payment of wages.

**ANSWER:** Defendant denies the allegations in this paragraph.

73.     Tripp Lite violated the IWPCA's anti-retaliation provision by terminating Lee's employment for enforcing his rights concerning payment of wages.

**ANSWER:** Defendant denies the allegations in this paragraph.

74.     Tripp Lite is liable to Lee for reinstatement, lost pay, lost benefits, out of pocket expenses, and attorney's fees and costs.

**ANSWER:** Defendant denies the allegations in this paragraph, and denies that Plaintiff is entitled to any relief.

## COUNT VI

### BREACH OF CONTRACT

75.     Lee incorporates paragraphs 1 through 31 as if fully set forth herein.

**ANSWER:** Defendant incorporates its answers to paragraphs 1 through 31 as if fully set forth herein.

76.     The Agreement is a contract between Tripp Lite and Lee regarding the payment of wages.

**ANSWER:** Defendant denies the allegations in this paragraph.

77.     The Agreement required to pay Lee incentive pay in accordance with its terms.

**ANSWER:**   Defendant denies the allegations in this paragraph.


78.    Lee satisfied his obligations under the Agreement.

**ANSWER:**   Defendant denies the allegations in this paragraph.


79.    Tripp Lite has failed and refused to provide Lee with incentive compensation in accordance with the terms of the Agreement.

**ANSWER:**   Defendant denies the allegations in this paragraph.


80.    Tripp Lite is liable to Lee in the amount of $10,836.73 in unpaid incentive pay.

**ANSWER:**   Defendant denies the allegations in this paragraph, and denies that Plaintiff is entitled to any relief.


## COUNT VII

### VIOLATION OF ILLINOIS WHISTLEBLOWER ACT

81.    Lee incorporates paragraphs 1 through 31 as if fully set forth herein.

**ANSWER:**   Plaintiff does not oppose Defendant's Motion to Dismiss Count VII for failure to state a claim.  (*See* Docket No. 16.)  Accordingly, no answer is required to the allegations in Count VII.


82.    It is the public policy of the State of Illinois that companies pay their employees in accordance with agreements made by and between the parties as well as in accordance with the mandates included in the IMWA.

**ANSWER:**   Plaintiff does not oppose Defendant's Motion to Dismiss Count VII for failure to state a claim.  (*See* Docket No. 16.)  Accordingly, no answer is required to the allegations in Count VII.

83.     It is the public policy of the State of Illinois that companies pay their employees in a timely manner as required by the IWPCA.

**ANSWER:**     Plaintiff does not oppose Defendant's Motion to Dismiss Count VII for failure to state a claim.  (*See* Docket No. 16.)  Accordingly, no answer is required to the allegations in Count VII.

84.     It is a matter of public concern when Illinois companies fail and refuse to pay their employees as required by the IMWA and IWPCA.

**ANSWER:**     Plaintiff does not oppose Defendant's Motion to Dismiss Count VII for failure to state a claim.  (*See* Docket No. 16.)  Accordingly, no answer is required to the allegations in Count VII.

85.     Lee spoke out on his behalf as well as on behalf of similarly situated employees who have not been paid overtime pay and incentive compensation by Tripp Lite in violation of the IMWA and IWPCA.

**ANSWER:**     Plaintiff does not oppose Defendant's Motion to Dismiss Count VII for failure to state a claim.  (*See* Docket No. 16.)  Accordingly, no answer is required to the allegations in Count VII.

86.     Lee spoke out on his behalf as well as on behalf of similarly situated employees who have not been paid in a timely manner by Tripp Lite in violation of the IWPCA.

**ANSWER:**     Plaintiff does not oppose Defendant's Motion to Dismiss Count VII for failure to state a claim.  (*See* Docket No. 16.)  Accordingly, no answer is required to the allegations in Count VII.

87.     Lee complained of public wrongdoing when he spoke out on behalf of himself and similarly situated employees regarding Tripp Lite's continued violations of the IMWA and IWPCA.

**ANSWER:** Plaintiff does not oppose Defendant's Motion to Dismiss Count VII for failure to state a claim. (*See* Docket No. 16.) Accordingly, no answer is required to the allegations in Count VII.

88. Tripp Lite terminated Lee's employment because he spoke out on behalf of himself and similarly situated employees regarding Tripp Lite's continued violations of the IMWA and IWPCA.

**ANSWER:** Plaintiff does not oppose Defendant's Motion to Dismiss Count VII for failure to state a claim. (*See* Docket No. 16.) Accordingly, no answer is required to the allegations in Count VII.

89. Tripp Lite violated the IWA when it terminated Lee's employment for speaking out on behalf of himself and similarly situated employees regarding Tripp Lite's continued violations of the IMWA and IWPCA.

**ANSWER:** Plaintiff does not oppose Defendant's Motion to Dismiss Count VII for failure to state a claim. (*See* Docket No. 16.) Accordingly, no answer is required to the allegations in Count VII.

90. Tripp Lite is liable to Lee for reinstatement, lost pay, lost benefits, out of pocket expenses, compensatory damages, punitive damages, and attorney's fees and costs.

**ANSWER:** Plaintiff does not oppose Defendant's Motion to Dismiss Count VII for failure to state a claim. (*See* Docket No. 16.) Accordingly, no answer is required to the allegations in Count VII.

## COUNT VIII

### RETALIATORY DISCHARGE

91. Lee incorporates paragraphs 1 through 31 as if fully set forth herein.

**ANSWER:** Plaintiff does not oppose Defendant's Motion to Dismiss Count VIII for failure to state a claim. (*See* Docket No. 16.) Accordingly, no answer is required to the allegations in Count VIII.

92. It is the public policy of the State of Illinois that companies pay their employees in accordance with agreements made by and between the parties as well as in accordance with the mandates included in the IMWA.

**ANSWER:** Plaintiff does not oppose Defendant's Motion to Dismiss Count VIII for failure to state a claim. (*See* Docket No. 16.) Accordingly, no answer is required to the allegations in Count VIII.

93. It is the public policy of the State of Illinois that companies pay their employees in a timely manner as required by the IWPCA.

**ANSWER:** Plaintiff does not oppose Defendant's Motion to Dismiss Count VIII for failure to state a claim. (*See* Docket No. 16.) Accordingly, no answer is required to the allegations in Count VIII.

94. Lee has identified well-defined public policies in the State of Illinois as codified by the IMWA and IWPCA.

**ANSWER:** Plaintiff does not oppose Defendant's Motion to Dismiss Count VIII for failure to state a claim. (*See* Docket No. 16.) Accordingly, no answer is required to the allegations in Count VIII.

95. Lee complained to Tripp Lite about its continued violations of the IMWA and IWPCA and demanded that it comply with the law.

**ANSWER:** Plaintiff does not oppose Defendant's Motion to Dismiss Count VIII for failure to state a claim. (*See* Docket No. 16.) Accordingly, no answer is required to the allegations in Count VIII.

96.     Tripp Lite terminated Lee's employment because he spoke out on behalf of himself and similarly situated employees regarding Tripp Lite's continued violations of the IMWA and IWPCA.

**ANSWER:**     Plaintiff does not oppose Defendant's Motion to Dismiss Count VIII for failure to state a claim.  (*See* Docket No. 16.)  Accordingly, no answer is required to the allegations in Count VIII.


97.     Tripp Lite engaged in retaliatory discharge when it terminated Lee's employment for speaking out on behalf of himself and similarly situated employees regarding Tripp Lite's continued violations of the IMWA and IWPCA.

**ANSWER:**     Plaintiff does not oppose Defendant's Motion to Dismiss Count VIII for failure to state a claim.  (*See* Docket No. 16.)  Accordingly, no answer is required to the allegations in Count VIII.


98.     Tripp Lite is liable to Lee for reinstatement, lost pay, lost benefits, out of pocket expenses, compensatory damages, punitive damages, and attorney's fees and costs.

**ANSWER:**     Plaintiff does not oppose Defendant's Motion to Dismiss Count VIII for failure to state a claim.  (*See* Docket No. 16.)  Accordingly, no answer is required to the allegations in Count VIII.


## <u>DEFENDANT'S AFFIRMATIVE DEFENSES</u>

1.     Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations. Further, Plaintiff is not entitled to an extension of the statute(s) of limitations, because Defendant did not act willfully.

2.     Any act or omission by Defendant alleged to have given rise to Plaintiff's claims was in good faith and based on a reasonable belief that Defendant was in compliance with all applicable wage and hour requirements.

3.     Plaintiff is not entitled to relief, because he was compensated in accordance with the FLSA, IMWL and IWPCA.

4.     Plaintiff cannot establish any acts or omissions of Defendant that were willful or intentional under the FLSA, IMWL, IWPCA or any applicable law or regulation.  Accordingly, Plaintiff is not entitled to liquidated damages, exemplary damages or any other penalty under the FLSA, IMWL, IWPCA or any applicable law or regulation.

5.     Plaintiff's claims are barred to the extent that some or all of the disputed time for which Plaintiff seeks recovery of wages purportedly owed was spent engaged in activities which were not compensable work under the FLSA, IMWL or IWPCA.

6.     Even if Defendant did not comply with the FLSA, IMWL or IWPCA, Defendant acted in good faith and had a reasonable basis to believe it was not violating the law.

7.     One or more of Plaintiff's claims are barred by the *de minimis* doctrine and/or because the alleged damages are speculative.

8.     Plaintiff's claims are barred as to hours allegedly worked by Plaintiff where Defendant did not have actual or constructive knowledge of such hours worked.

Defendant reserves the right to assert and rely on any additional affirmative defenses, including based on information learned during the course of this litigation, including discovery, trial or otherwise.

WHEREFORE, Defendant Trippe Manufacturing Co. requests that Plaintiff take nothing by way of his Complaint, the Court enter judgment in Defendant's favor, and the Court award Defendant all just and proper relief.

Dated:  July 28, 2020

Respectfully submitted,

**TRIPPE MANUFACTURING CO.**

By: /s/ *Chad W. Moeller*
    One of Its Attorneys

Chad W. Moeller (cmoeller@nge.com)
David G. Weldon (dweldon@nge.com)
NEAL GERBER & EISENBERG LLP
2 N. LaSalle Street, Suite 1700
Chicago, Illinois 60602
(312) 269-8000

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2020, a copy of the foregoing ***Defendant's Answer and Affirmative Defenses*** was filed electronically.  Service of this filing will be made by operation of the court's electronic filing system.

/s/ *Chad W. Moeller*
Chad W. Moeller

30914492.1